## HAHN v. BUCYRUS–ERIE CO.
### Civ. No. 7617.

United States District Court
E. D. Pennsylvania.
June 17, 1948.

Richter, Lord & Farage, of Philadelphia, Pa., for plaintiff.

Philip Price, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

■ The motion for summary judgment must be denied. I do not think it can be said that there is no genuine issue as to at least one very material point, namely, the precise nature of the relationship between Fenner and the defendant and Fauzio Bros. as it existed at the time of the accident. This is not a pure question of law but may involve fact issues. Although the defendant's admissions and Fauzio's answers to the questions addressed to it indicate clearly what the relationship was at its inception, it does not appear that it was never modified either by subsequent arrangements or by course of conduct and practice. The plaintiff suggests that the true scope and extent of the defendant's right to control Fenner may depend upon a number of facts and circumstances, as to which evidence must be adduced. Incidentally, the case of Town of River Junction v. Maryland Casualty Co., 5 Cir., 110 F.2d 278, cited by the plaintiff, is not in point. Fauzio's answers plainly constitute a deposition under Federal Rules of Civil Procedure, Rule 31, 28 U.S.C.A. following section 723c, and, by the express terms of Rule 56, depositions may be considered on the motion for summary judgment. In the Town River Junction case, supra, what the Court excluded from its consideration was answers of a party to interrogatories under Rule 33.