J. J. LAWSON, doing business under the name of Industrial Manufacturing Company, Appellant,

v.

AMERICAN MOTORISTS INSURANCE CORPORATION, Appellee.

No. 14937.

United States Court of Appeals Fifth Circuit.

Dec. 22, 1954.

Rehearing Denied Feb. 24, 1955.

Ronald Smallwood, San Antonio, Tex., for appellant.

John H. Wood, Jr., Birkhead, Beckmann, Stanard, Vance & Wood, San Antonio, Tex., for appellee.

Before BORAH, RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

The question on this appeal is whether the trial court properly granted a summary judgment to the defendant, or whether there was any genuine issue of fact presented by the pleadings and the motion for summary judgment, together with supporting affidavits and exhibits.

The complaint alleged in substance as follows: Defendant issued a "comprehensive dishonesty, disappearance, and destruction" policy for a valuable consideration to the Industrial Manufacturing Company, a corporation, whose rights under such policy were assigned by operation of law to its then sole stockholder, plaintiff herein, upon dissolution thereof. Defendant undertook by the policy and attached riders to indemnify the insured corporation for any loss sustained during a three-year term from and after May 1, 1948, through "larceny, theft, embezzlement, forgery, misappropriation, wrongful abstraction, willful misapplication or other dishonest or fraudulent act or acts, committed anywhere by any of the employees" of the insured, up to $2500 for each guilty employee. The policy further provided that if insured by evidence submitted to the insurer could establish reasonably (or in case of inventory shortage conclusively) that a loss was caused by dishonesty or fraud of one or more employees, it would have a right to indemnity even though it should be unable to prove which employee or employees caused the loss. Insured was engaged in the manufacture of industrial machinery. In the early part of 1949, the complaint further alleged, the insured corporation's employees entered into a wrongful scheme and conspiracy to bankrupt the corporation, and began to carry out such conspiracy "by acts of larceny, theft, embezzlement, forgery, misappropriation, wrongful abstraction, wrongful misapplication, destruction, and the disablement of the plant, machinery and equipment of plaintiff [sic; sc. the insured], by the wrongful and intentional failure to keep accurate books, records and accounts of the business of that company, by the wrongful fomenting of discontent among the employees of said company, by the wrongful and fraudulent failure to manufacture the equipment which was ordered by the customers of said company, and, in general, to completely destroy and wreck the business of said company by any and all means possible, and to wrongfully destroy the market for the products manufactured by said company, by deliberately producing inferior, defective, and unworkable machinery and equipment, and to completely destroy the faith and confidence of said company's purchasers and prospective purchasers of its products." The plaintiff alleged he was unable to designate the specific members of the conspiracy; and further that all conditions precedent to the bringing of the action had been performed or had occurred.

Defendant's principal defenses, raised in both its answer and its motion for summary judgment, were, briefly stated, (1) that the alleged dishonest acts of the insured's employees were not within the coverage of the policy; (2) that the insured failed to perform the express condition precedent of furnishing proofs of loss within 100 days after discovery of loss, a condition of the contract not waived by defendant; and (3) that suit was

not instituted by plaintiff within 28 months after accrual of the cause of action, as provided by express condition subsequent in the contract.

▇▇▇ Both the motion and part of the answer were verified.[1] Other papers supporting the motion and forming part of the record herein, consist of a lengthy deposition[2] of plaintiff and copies of certain letters, the insurance policy and attached riders, and certain extracts from the minutes of the insured corporation.[3]

▇▇▇ If the parts of these papers which the trial court was permitted to consider by Rule 56(e), R.C.P., 28 U.S.C., conclusively show that there was no genuine issue of fact in the premises, then it was correct to grant the motion for summary judgment. Although we do not hold that it would have been improper for the court to construe the language of the policy, merely because it does not appear that a sworn or certified copy of the policy was ever served with the motion or attached thereto, according to Rule 56(e), since, like other rules of evidence this lack could be waived, we will not consider here the first and third of defendant's principal defenses, because a disposition of the case does not require that we decide these matters. The second defense does not involve construction of the policy. That there was an unequivocal condition of filing proof of loss is an undisputed fact, sworn to in defendant's motion and not denied in plaintiff's deposition. Plaintiff had the opportunity to submit opposing affidavits under Rule 56(c) but never did so. His mere formal and unsworn allegation that he had performed all conditions precedent necessary to be performed by him does not raise a genuine issue for the purpose of this

1. No objection as to the form of the affidavits verifying the motion and part of the answer has been made. R.C.P. Rule 56(e), 28 U.S.C., requires that such affidavits be made on "personal knowledge." One of these affidavits recited that the affiant was "familiar with the facts * * * and the facts and allegations, and each and every one of them * * *, are true and correct." The other affidavit stated that the affiant was "fully cognizant of the facts herein set out, and says that the statements and facts * * * are in all things true and correct." Although these do not seem to us the most unambiguous way of stating that one has personal knowledge (as opposed to information and belief), we hold that, at least in the absence of objection, they satisfy the requirement of Rule 56(e) that affidavits be made on personal knowledge. Mellen v. Hirsch, D.C.D.Md., 8 F.R.D. 284, affirmed per curiam, 4 Cir., 171 F.2d 127.

2. The court may permit the use of such a deposition under Rule 56(e), and plaintiff made no objection to its use. The jurat does not state that facts stated in the deposition are upon personal knowledge, but the contents of the deposition show that the material parts of it were statements of personal knowledge or lack of any knowledge. Thus the requirements of Rule 56(e) were met. See Hahn v. Bucyrus-Erie Co., D.C.E.D.Pa., 8 F.R.D. 315.

3. These attached papers, according to the record, are not sworn or certified as required by Rule 56(e). Although that Rule seems literally to require that all papers referred to in affidavits be attached and sworn or certified, it would be an idle formality to defer entry of the judgment where the papers really material to the motion for summary judgment and determinative of it, are properly verified and in proper form. Mellen v. Hirsch, supra. Moore says the requirement of attaching sworn copies applies to "material documents." 6 Moore, Federal Procedure 2334. We think it applies not even to all material documents, but only documents the contents of which are materially in issue, at least when no objection to the use of such documents in connection with the motion has been made. Here, plaintiff made no such objection. In short, we view this as an immaterial irregularity, in spite of the dicta in Sprague v. Vogt, 8 Cir., 150 F.2d 795; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; and similar cases. Here, construction of the policy and riders is not an issue necessary to be decided. If those papers had been omitted entirely, there was still sufficient in the record to support the summary judgment, as will be shown, infra, and therefore any lack of formal compliance with Rule 56(e) was unimportant. Cromwell v. Hillsborough Tp., Somerset County, N. J., 3 Cir., 149 F.2d 617, affirmed 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358; New York Life Ins. Co. v. Wilkinson Veneer Co., D.C.E.D.La., 86 F.Supp. 863.

motion. Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469; Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766, 772; McClellan v. Montana-Dakota Utilities Co., D.C.D.Minn., 104 F.Supp. 46, affirmed, 8 Cir., 204 F.2d 166; Pennsylvania Greyhound Lines v. Amalgamated Ass'n of Street Electric Ry. and Motor Coach Employees of America, D.C.W.D.Pa., 14 F.R.D. 11; Griffith v. William Penn Broadcasting Co., D.C.E.D.Pa., 4 F.R.D. 475. It is patent from the plaintiff's deposition that neither he nor the insured corporation ever filed any proof of loss, and that the insurer never waived such condition but on the contrary constantly insisted that particulars be filed whenever the insured or the plaintiff claimed a loss had occurred. Plaintiff readily admitted in the deposition that he could not provide the information required to prove the losses, and that the insurer always insisted on strict compliance with this condition. Nor is any issue raised that the condition was unreasonable or invalid. See Art. 5546, Vernon's Texas Civil Statutes.

Consequently, since no genuine issue exists as to the liability of the insurer, the judgment must be affirmed.