Dr. J. Irizarry Y PUENTE, Plaintiff,

v.

PRESIDENT AND FELLOWS OF HAR-
VARD COLLEGE, and Erwin N.
Griswold, Defendants.

Civ. A. No. 56–81.

United States District Court
D. Massachusetts.

Feb. 26, 1957.

Timothy J. McInerney, Boston, Mass., for plaintiff.

Charles B. Rugg, Oscar M. Shaw, Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

This is a motion for summary judgment based on five separate and distinct grounds: 1) that the plaintiff disclosed nothing novel and hence has no proprietary rights in the matters disclosed, 2) that there is no factual basis for the complaint, 3) that the defendants did not violate any obligation owed to the plaintiff, 4) that the statute of limitations bars the action, and 5) that the plaintiff has not been damaged by any acts of the defendants. Because of my ruling on the first ground, I do not reach the others listed.

This action was commenced by J. Irizarry y Puente against the President and Fellows of Harvard College, and Erwin N. Griswold, Dean of the Harvard Law School, to recover damages for the defendants' alleged use of an idea in which the plaintiff claims to have exclusive ownership.

The sole basis of the complaint is the correspondence, consisting of fifteen letters and one telegram, between the plaintiff and the defendant Griswold. The first letter dated May 17, 1950, was written by the plaintiff and stated that he had been working on a loose-leaf tax

service for eight of the leading Latin American countries "along the lines of the Tax Services published in this country on federal and state taxes by Prentice-Hall or Commerce Clearing House," and that he would like to "enlist (the defendant Griswold's) cooperation in looking over the text" which the plaintiff had prepared. Griswold's reply indicated that he was interested in the project but that he needed more information concerning his role and financial arrangements. The plaintiff's explanation was acknowledged with a request for further "more specific and definite information." All subsequent communications concerned only an effort to set up a meeting. Two dates suggested by Griswold were agreed to but not kept by the plaintiff, who, after the second of these, wrote Griswold on July 7, 1950, that he would be in touch with the latter shortly. On August 18, the plaintiff again asked for an appointment, but Griswold replied on the same day that he did "not care to pursue the matter further, under all the circumstances."

The Harvard Law School subsequently embarked upon a project of collecting and publishing foreign tax information in cooperation with the United Nations and in 1954 work was begun on this tax series. None of these reports has been published as yet; however, a prototype furnished as an exhibit in support of this motion indicates that these books will be completely different in size, form, price and content from the plaintiff's Argentine Federal Tax Law Service.

The complaint filed in this cause is in four counts; one and four allege that the defendants converted to their own use the plaintiff's idea for a tax service disclosed to the defendant Griswold in the correspondence outlined above, and counts two and three charge the defendants with having deceived the plaintiff into disclosing his plans for a foreign tax service.

Rule 56 provides for summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

■■ In view of the plaintiff's apparent confusion, as evidenced by both his brief and oral argument, I feel constrained to state at the outset that the central issue of the case is the novelty or lack of novelty of the *idea* of a foreign tax service. An idea may be a property right. However, when the author of an idea voluntarily submits to another the information contained in his idea, no promise by the recipient to pay for its use can be implied if the elements of novelty and originality are absent since the property right in an idea is based upon these two elements. Lueddecke v. Chevrolet Motor Co., 8 Cir., 70 F.2d 345, Ball, The Law of Copyright and Literary Property, Albany, 1944, p. 506. See also Judge Fahy's discussion in Hamilton National Bank v. Belt, 93 U.S.App.D.C. 168, 210 F.2d 706. The idea must be original with the plaintiff. If it is already a matter of common knowledge and does not suggest anything new, the plaintiff cannot claim a property right therein. Lueddecke v. Chevrolet Motor Co., supra, Masline v. New York, N. H. & H. R. Co., 95 Conn. 702, 112 A. 639.

■■ The plaintiff, by his own admission characterized his volume as "a loose-leaf tax service * * * along the lines of the Tax Services published by Prentice-Hall or Commerce Clearing House." He thus admits that there is nothing new in the idea of a tax service as such. On the question of a foreign tax service, the defendants have filed affidavits of W. Lawrence Keitt, Law Librarian of the Library of Congress, and Richard C. Munsche, Manager of the Tax Department of the Coca Cola Export Corporation, in which the affiants list the foreign tax materials in their respective libraries. I note, incidentally, the plaintiff's objections to these affidavits as not conforming with

the requirements of Rule 56. A careful examination of the affidavits discloses that they were made on personal knowledge, and furthermore, the requirements of Rule 56(e) are met by a statement to that effect in the jurat. Lawson v. American Motorists Insurance Corp., 5 Cir., 217 F.2d 724. Mr. Keitt's list includes at least two volumes under the heading of "loose-leaf volumes on foreign taxes" which were published in 1950, while Mr. Munsche deposed that his collection includes income tax services published by the Foreign Tax Law Association, between 1950 and 1955. These uncontradicted affidavits clearly establish that there were at the time this cause of action accrued foreign tax services on the market and hence that there could not have been anything novel or original in the plaintiff's idea as outlined to the defendant Griswold. As a consequence the plaintiff had no proprietary rights in the idea of a foreign tax service and cannot therefore recover on any of the counts of his complaint.

The motion for summary judgment is allowed.