Manuel SANTOS

v.

RCA SERVICE COMPANY.

No. 83–3927.

United States District Court,
E.D. Louisiana.

Feb. 27, 1985.

**944**

John Paul Massicot, New Orleans, La., for plaintiff.

John O. Charrier, Jr., New Orleans, La., for defendant.

## MEMORANDUM OPINION

SEAR, District Judge.

Plaintiff, Manuel Santos ("Santos"), filed this action on August 3, 1983 to recover for injuries allegedly received while employed by defendant, RCA Service Co. ("RCA"), as a marine electrician. Santos alleges that he was a seaman and a member of the crew of three separate vessels. He claims damages for the negligence of RCA under the Jones Act, 46 U.S.C. § 688 *et seq.* and for

the unseaworthiness of the vessels under the General Maritime Law.

RCA has moved for summary judgment on Santos' claims. For the purpose of this motion only, RCA concedes that Santos was a seaman. RCA argues, however, that the vessels on which Santos claims to have been injured while a crewmember were public vessels of the United States and that therefore his exclusive remedy is against the United States under the Public Vessels Act, 46 U.S.C. §§ 781–790 and the Suits in Admiralty Act, 46 U.S.C. §§ 741–752.

Santos contends that RCA's motion for summary judgment should be denied for the following reasons: (1) RCA was an independent contractor with the United States, therefore, the Public Vessels Act and the Suits in Admiralty Act are inapplicable and the Jones Act and the General Maritime Law apply; (2) RCA's contract with the United States provides that RCA will indemnify the United States for losses on the vessels operated by RCA for the United States, consequently, "the United States and RCA have removed this matter from the exclusivity provisions of the referenced statutes by virtue of the law established by the agreement ... [and] Santos should be entitled to maintain his action directly against RCA as a third-party beneficiary of that agreement"; and (3) Santos has relied on RCA's failure until now to assert the defense that it was not the proper party defendant and that because he will be prejudiced if RCA's motion is granted, RCA should be estopped from raising the defense now.[1] Santos argues in the alternative that should RCA's motion be granted, he should be permitted to amend the jurisdictional basis of his complaint and to add the United States as a defendant.

Summary judgment is appropriate only if the pleadings, affidavits, depositions, and other papers in the record indicate that there is no genuine issue as to any material fact and that movant is therefore entitled

---

**1.** Indeed, Santos accuses (without providing any evidentiary support) RCA and its counsel of acting with intent to conceal the fact that his claim should have been made against the United States, and delaying its motion for summary judgment until after the statutory period for bringing an action against the United States had expired.

to judgment as a matter of law. Fed.R. Civ.P. 56(c); *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *Kellerman v. Askew,* 541 F.2d 1089 (5th Cir. 1976). Moreover, the burden is on the movant to demonstrate affirmatively the absence of any issue of material fact on all issues raised in the pleadings. *Chavez v. Noble Drilling Corp.,* 567 F.2d 287, 289 (5th Cir.1978); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2727, at 121 (1983).

The following is a summary of RCA's statement of uncontested material facts submitted pursuant to this District's Local Rule of Court 3.9: RCA has contracted with the United States to provide services in connection with a project of the United States Navy based on Andros Island, Bahamas. The project involves the testing and evaluation of weapons. The services provided by RCA include the operation of support vessels from which targets are launched and then recovered after the target has been fired upon by United States Navy vessels. The United States Navy owns all but one of the support vessels operated by RCA, and all of the vessels on which Santos claims to have sustained injury. The vessel not owned by the Navy is owned by RCA, and leased to the Navy pursuant to a lease which provides for the transfer of title to the Navy upon expiration of the lease on September 5, 1985. This vessel is used to provide service identical to that of the vessels in the support group owned by the Navy: its primary mission is to launch and retrieve targets. Under RCA's contract with the United States Navy, RCA "mans, operates, maintains and repairs the group of support vessels." Santos was employed as a shore-based chief electrician charged with the maintenance of the electrical systems of all of the support vessels. Although he worked aboard the vessels, "his primary work location was in a shop on the shore."

The Public Vessels Act waives the sovereign immunity of the United States by allowing *in personam* libels to recover "for damages caused by a public vessel of the United States." 46 U.S.C. § 781. Such actions are generally governed by the terms of the Suits in Admiralty Act, which waives the United States' sovereign immunity from *in personam* libels against merchant vessels of the United States.[2] *See* 46 U.S.C. § 782. These waivers of sovereign immunity were enacted as an exchange for the statutory bar against arrest or seizure of United States vessels. *See United States v. United Continental Tuna Corp.,* 425 U.S. 164, 171–72, 96 S.Ct. 1319, 1324, 47 L.Ed.2d 653 (1976); *Doyle v. Bethlehem Steel Corp.,* 504 F.2d 911, 912 (5th Cir. 1974); 46 U.S.C. § 741.

The provision of the Suits in Admiralty Act of which RCA seeks to avail itself is tht which provides that the remedies created by the Act are exclusive:

> where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States....

46 U.S.C. § 745. The statutory language limiting the exclusivity provision to agents or employees of the United States has not been frequently construed, but when it has, it has been construed broadly. For example, in *Doyle v. Bethlehem Steel Corporation,* 504 F.2d 911 (5th Cir.1974), the plaintiff had appealed the district court's decision granting one defendant's motion for summary judgment on the ground that plaintiff's exclusive remedy under § 745 was against the United States. The defendant had been engaged by the United States Navy "to manage and conduct the business of the Government with respect to the operation of certain Navy tankers."

---

**2.** Although 46 U.S.C. § 741 was amended in 1960 to delete the language expressly limiting application to merchant vessels, this was not intended to blur the distinction between merchant and public vessels. Instead, it was designed to extend the jurisdiction of the Suits in Admiralty Act to certain admiralty claims that previously had been required to be brought in the Court of Claims. *See United States v. United Continental Tuna Corp.,* 425 U.S. 164, 179–82, 96 S.Ct. 1319, 1327–29, 47 L.Ed.2d 653 (1976).

*Id.* at 912. Plaintiff argued on appeal that there was a material issue of fact as to whether the defendant was an agent because the vessel on which he was injured was not specifically mentioned in the defendant's contract with the United States. The Court of Appeals observed that the contract was entitled "Contract for Operation of U.S. Navy Tankers," and found that deposition testimony established that defendant operated the tanker on which plaintiff was allegedly injured for the United States Navy. Consequently, the Fifth Circuit affirmed the district court.

■ In this case, RCA has stated as uncontested fact that it "mans, operates, maintains and repairs the group of support vessels" pursuant to its contract with the United States. Indeed, its contract obligates it to:

> [o]perate, maintain and support the [weapons testing project], including the furnishing of all necessary support, labor, services and materials as may be required for the successful conduct of testing programs at this Center ... [3]

Applying the Fifth Circuit's analysis in *Doyle v. Bethlehem Steel Corp., supra,* to these facts entitles RCA to summary judgment if the vessels are public vessels within the meaning of 46 U.S.C. § 781 or are "owned by, possessed by, or operated by or for the United States" within the meaning of 46 U.S.C. § 741. *See Trautman v. Buck Steber, Inc.,* 693 F.2d 440 (5th Cir. 1982) (citing *Reed v. The Yaka,* 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1962)). RCA has stated as an uncontested fact that all of the vessels on which Santos claims to have been injured are owned by the United States. Thus, RCA has carried its burden in demonstrating that it is entitled to judgment as a matter of law. *See Petition of United States (U.S.N.S. Mission San Francisco),* 367 F.2d 505, 509 (3d Cir.1966), *cert. denied sub nom., Black v. United States,* 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805 (1967).

■ Even if the Navy had not owned the vessels, RCA could still be entitled to summary judgment if the vessels were public vessels, or were operated by RCA for the United States. Although there are few decisions interpreting the meaning of public vessel in the Public Vessels Act, those decisions suggest that a vessel with a military function are public vessels within the meaning of that Act. *See United States v. United Continental Tuna Corp., supra,* 425 U.S. at 167 n. 1, 96 S.Ct. at 1322 n. 1 ("naval destroyer is beyond question a 'public vessel' "); *Bradey v. United States,* 151 F.2d 742 (2d Cir.1945) (vessel carrying coal belonging to army and bound for port to load munitions for war before sailing for theater of war is public vessel), *cert. denied,* 326 U.S. 795, 66 S.Ct. 484, 90 L.Ed. 483 (1946); *Geo. W. Rogers Const. Co. v. United States,* 118 F.Supp. 927 (S.D.N.Y. 1954) (vessel chartered to the United States and carrying fuel for Navy vessels held to be a public vessel); *Roeper v. United States,* 85 F.Supp. 864 (E.D.N.Y.1949) (vessel used for the transportation of personnel and military supplies is a public vessel). In this case, all vessels in the support group were involved in the testing and evaluation of naval weapons, which would seem to be as much a military function as carrying military personnel or supplies. Thus, the support vessels operated by RCA on which Santos claims to have been injured were public vessels within the meaning of the Public Vessels Act.

■ Even if the vessels are not public vessels, however, they were operated for the United States within the meaning of 46

---

**3.** The partial copy of the contract attached to RCA's motion was neither certified nor sworn to. Under Fed.R.Civ.P. 56(e), documents are admissible only if they are authenticated by and attached to an affidavit, and the affiant is a person through whom the exhibits could be admitted into evidence. 10A C. Wright, A. Miller & M. Kane § 2722, at 58–60. Inadmissible documents may nevertheless be considered by the court if they are not challenged. *Auto Drive-Away Co. of Hialeah, Inc. v. I.C.C.,* 360 F.2d 446, 448 (5th Cir.1966); *Lawson v. American Motorists Ins. Co.,* 217 F.2d 724, 726 (5th Cir.1954); *Townsend v. Columbia Operations,* 667 F.2d 844 (9th Cir.1982); Wright, Miller & Kane, *supra* at 60. Santos' opposition contains no challenge to the document attached to RCA's motion; it can therefore be considered.

U.S.C. § 741. The Fifth Circuit has found that "control by the United States is the crucial element in determining whether a case falls within the jurisdiction provided by [46 U.S.C.] § 741." *Trautman v. Buck Steber, Inc., supra,* 693 F.2d at 444. In that case, the Fifth Circuit apparently adhered to the following definition of control:

> [I]t would seem to the court that extensive operation or direction of the vessel by government personnel would be required to make the vessel operated 'by the United States' and something closer to a time charter where the Government directs the vessel's overall functions even though the owner may control the operation of the vessel's personnel and equipment rather than a single purpose contract entered into with an independent contractor would be required to make the vessel 'operated for the United States.'

693 F.2d at 444 (quoting *J.W. Peterson Coal & Oil Co. v. United States,* 323 F.Supp. 1198, 1205–06 (N.D.Ill.1970)). In this case the primary function of the vessels was to launch targets for Naval ships to fire upon, and then to retrieve the targets. For such activity to be successful, direction of the vessel's overall function by the Navy would be necessary. Consequently, the vessel was operated for the United States within the meaning of 46 U.S.C. § 741 and RCA is entitled to summary judgment on Santos' claim for injuries sustained on them.

Santos has not controverted RCA's statement of uncontested fact. Instead, he merely states as disputed material facts:

> Whether or not RCA was an agent or an independent contractor of the Government ...
>
> Whether or not RCA was solely responsible for the day to day operations on the subject vessels ...
>
> Whether or not the Government had any control over or supervision of the day to day operations of the personnel on the vessels involved in this proceeding.

A party opposing a motion for summary judgment may not, however, rest on mere allegations or denials contained in his pleadings, or " 'vague assertions that additional discovery will produce needed, but unspecified facts....' "; once the movant has made his showing under Fed.R.Civ.P. 56, the opposing party must present "significant probative evidence" that there is a material issue of fact in the case. *Volyrakis v. M/V Isabelle,* 668 F.2d 863 (5th Cir.1982); Fed.R.Civ.P. 56(e). If he does not so respond, summary judgment, if appropriate, shall be entered against him. Fed.R.Civ.P. 56(e); *Ferguson v. National Broadcasting Company,* 584 F.2d 111 (5th Cir.1978). Santos' statements are mere allegations and are not evidence of a material issue of fact. As such, they do not preclude entry of summary judgment against him.

Moreover, Santos' statement of contested material fact evidences his misunderstanding of the Suits in Admiralty Act. RCA's status as an independent contractor or agent, and the identity of the party responsible for the control and day-to-day operations of the vessels are irrelevant to the applicability of the exclusivity provision of 46 U.S.C. § 745. *See Petition of United States (U.S.N.S. Mission San Francisco), supra,* 367 F.2d at 509–11; *Smith v. United States,* 346 F.2d 449 (4th Cir.), *cert. denied,* 382 U.S. 878, 86 S.Ct. 163, 15 L.Ed.2d 119 (1965); *Loper v. Trinidad Corp.,* 1983 A.M.C. 1177, 1178 (E.D.Pa. 1982). The case on which Santos mistakenly relies, *Trautman v. Buck Steber, Inc., supra,* involved an attempt to sue the United States by a diver injured in an operation to clear the Suez Canal of wrecks. The United States had agreed to assist Egypt in clearing the Canal and had contracted with a salvage company to perform the work. The salvage company entered into a subcontract with the diver's employer for diving services necessary to clear the wrecks. The issues in that case were (1) whether the barge on which the diver was employed was a vessel "operated by or for the United States" within the meaning of 46 U.S.C. § 741 such that the United States owed the diver a duty of seaworthiness and (2) whether the diver's employer was an agent of the United States or whether the United

States was in sufficient operational control of the diver's employer's operations to be liable under the Jones Act. Although that case is relevant to the determination whether a vessel owned by RCA was operated for the United States, it has no bearing on the applicability of 46 U.S.C. § 745 to this case which involves vessels owned by the Navy and which are also properly characterized as public vessels.

 Santos' two remaining arguments are easily disposed of. First, he contends that the indemnification clause in RCA's contract creates "law established by the agreement" which supplants the Public Vessels Act and the Suits in Admiralty Act and to which he is a third-party beneficiary. This argument is without merit. Congress has defined the circumstances under which suits may be brought against vessels involving the United States. It is not clear that modification of this law at will by parties to an agreement could be permitted under the Supremacy Clause of the Constitution.[4] Moreover, Santos has not cited any authority for the proposition that an indemnity agreement between RCA and the United States modifies the remedies that Congress has specifically provided for him.

 Second, Santos asserts that RCA should be estopped from raising the defense that it is not the proper party. RCA, however, has not raised a defense that it is not the proper party. It has instead moved for summary judgment on Santos' claims on the ground that it is not liable to him under the Jones Act or the General Maritime Law. In any case, Santos has not offered any evidence whatsoever to support his accusation that RCA previously knew that his Jones Act and General Maritime Law claims were invalid but that it waited until the statutory period for filing claims under the Suits in Admiralty Act and the Public Vessels Act had expired before moving for summary judgment. More importantly, Santos cannot claim that he was misled when he could have learned

that his claims against RCA were not viable had he done even minimal legal research. *See Heckler v. Community Health Services of Crawford,* — U.S. ——, 104 S.Ct. 2218, 2233 n. 10, 81 L.Ed.2d 42 (1984).

As Santos has no outstanding motion to amend his complaint, it is premature to consider whether such a motion should be granted, much less to consider whether a claim against the United States by amendment would be barred by expiration of the two-year statutory limitations period. The later determination must wait until, and if, the United States is made a party.

---

4. "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the Supreme Law of the Land ..." U.S. Const. art. VI.