925 F.2d 783
 1991 A.M.C. 2927
 DAVID WRIGHT CHARTER SERVICE OF NORTH CAROLINA,
INCORPORATED, as owner of the charter fishing
vessel HIGH HOPES for exoneration from
or limitation of liability,
Plaintiff-Appellant,
v.
J. David WRIGHT; Hazel Jernigan Seals, Mother and
Administratrix of the Estate of Ronald Benjamin
Seals, Deceased; Jordan Marine Service,
Incorporated, Defendants-Appellees.
 No. 90-1746.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 30, 1990.
Decided Feb. 20, 1991.
 
 Rice Arthur Jett, Jr., argued, Jett, Berkley, Furr & Padgett (John R. Crumpler, Jr., Kaufman & Canoles, of counsel), Norfolk, Va., for plaintiff-appellant.
 Ralph Rabinowitz, argued, Rabinowitz, Rafal, Swartz & Gilbert, P.C. (Jeffrey A. Breit, Breit, Drescher & Breit, Morton H. Clark, Vandeventer, Black, Meredith & Martin, of counsel), Norfolk, Va., for defendants-appellees.
 Before POWELL, Associate Justice, Retired, United States Supreme Court, sitting by designation, PHILLIPS, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David Wright Charter Service (Charter) appeals the district court's dismissal of its complaint for exoneration from or limitation of liability for damages resulting from a fire and explosion on its ship, High Hopes. The district court concluded that it lacked admiralty jurisdiction because the fire occurred five months after the ship was placed on blocks to undergo repairs in a shed located 75 feet from the water. We affirm.
 
 
 2
 Ronald B. Seals, who was repairing the High Hopes when it exploded, was killed. David Wright was injured, and Jordan Marine Services, Inc. (Jordan) suffered property damages. The fire and explosion destroyed the ship. Its salvage value is $25,000.
 
 
 3
 Charter filed a complaint for limitation or exoneration from liability under the Limitation of Liability Act, 46 U.S.C.App. Sec. 183 et seq. Seals's administratrix (Seals), Wright, and Jordan filed claims. Charter filed a counterclaim against Jordan for damages to the vessel. Seals, joined by Wright, filed a motion to dismiss the limitation complaint for lack of admiralty jurisdiction. The district court granted the motion, and Charter appealed.
 
 
 4
 * Charter assigns as a basis of jurisdiction 28 U.S.C. Sec. 1333, which confers on district courts original jurisdiction in admiralty and maritime civil cases. With respect to torts involving vessels, a series of Supreme Court cases confine admiralty jurisdiction to actions for wrongs that occur on navigable waters and bear a sufficient relation to a maritime activity. Sisson v. Ruby, --- U.S. ----, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990); Foremost Ins. Co. v. Richardson, 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); Executive Jet Aviation v. Cleveland, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972); Victory Carriers, Inc. v. Law, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971). Consequently, Seals's claim for wrongful death and Wright's claim for personal injuries caused by the fire and explosion on Charter's vessel while it was on blocks in a shed do not satisfy the situs test for admiralty jurisdiction.
 
 
 5
 Charter, nevertheless, seeks to bring these tort claims within admiralty jurisdiction because it had contracted with Jordan for repairs to the vessel. It asserts that since the vessel was not withdrawn from navigation, the contract was subject to admiralty jurisdiction and the court should exercise ancillary jurisdiction over the torts.
 
 
 6
 A contract between a vessel owner and a repair facility for work on a vessel that has not been withdrawn from navigation is within admiralty jurisdiction. American Eastern Development Corp. v. Everglades Marina, Inc., 608 F.2d 123 (5th Cir.1979). Moreover, when the owner joins a breach of contract claim and a negligence claim arising out of the same facts, a court may properly exercise ancillary jurisdiction over the owner's negligence claim against the repair facility even though the tort occurred when the vessel was not on navigable waters. Omaha Indemnity Co. v. Whaleneck Harbor Marina, Inc., 610 F.Supp. 154 (E.D.N.Y.1985). These principles, however, are not applicable to the claims of Seals and Wright against Charter. Neither Seals nor Wright were parties to the repair contract. They have not made any claim for breach of contract. They complain only of a tort that occurred on land.
 
 
 7
 We conclude, therefore, that Sec. 1333 does not confer admiralty jurisdiction over the tort claims that Seals and Wright asserted in the limitation proceeding.
 
 II
 
 8
 Charter argues that even though Sec. 1333 does not confer admiralty jurisdiction, the Limitation of Liability Act, 46 U.S.C.App. Sec. 183 et seq., provides an independent source of admiralty jurisdiction. Charter relies primarily on Richardson v. Harmon, 222 U.S. 96, 32 S.Ct. 27, 56 L.Ed. 110 (1911), in which the Court extended admiralty jurisdiction to permit the owner of a vessel that collided with a bridge abutment to limit its liability by application of the Limitation Act. The Court anticipated by judicial decision a maritime policy that Congress recognized in the Extension of Admiralty Jurisdiction Act, 46 U.S.C.App. Sec. 740, which was enacted in 1948. The Act, like Richardson v. Harmon, enlarges admiralty jurisdiction for harm caused by a vessel on navigable water to persons or property on land. Neither Richardson v. Harmon nor the Extension of Admiralty Jurisdiction Act purports to provide admiralty jurisdiction for torts involving vessels that are not on navigable waters.
 
 
 9
 The Supreme Court recognizes that whether the Limitation Act is an independent basis for admiralty jurisdiction remains an open question. In Sisson, 110 S.Ct. at 2894 n. 1, the Court found it unnecessary to decide this jurisdictional issue. Although the Supreme Court has not decided the question, we are not left without guidelines.
 
 
 10
 Three courts of appeals have recently decided that the Limitation Act is not an independent source of admiralty jurisdiction. See Three Buoys Houseboat Vacations U.S.A. Ltd. v. Morts, 878 F.2d 1096, 1099-1103 (8th Cir.1989), vacated and remanded on other grounds, --- U.S. ----, 110 S.Ct. 3265, 111 L.Ed.2d 775 (1990); Lewis Charters, Inc. v. Huckins Yacht Corp., 871 F.2d 1046, 1052-54 (11th Cir.1989); Complaint of Sisson, 867 F.2d 341, 348-50 (7th Cir.1989), rev'd on other grounds, --- U.S. ----, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990); contra Petition of Colonial Trust Co., 124 F.Supp. 73, 74-75 (D.Conn.1954). In concert with the Seventh, Eighth, and Eleventh Circuits, we conclude that the Limitation Act is not a source of admiralty jurisdiction. Rather it is a procedure that may be invoked when general admiralty and maritime jurisdiction has been established. This conclusion is supported by the Court's observation in Butler v. Boston Steamship Co., 130 U.S. 528, 557, 9 S.Ct. 612, 619, 32 L.Ed. 1017 (1889):
 
 
 11
 It being clear, then, that the law of limited liability of shipowners is a part of our maritime code, the extent of its territorial operation (as before intimated) cannot be doubtful. It is necessarily coextensive with that of the general admiralty and maritime jurisdiction, and that by the settled law of this country extends wherever public navigation extends--on the sea and the great inland lakes, and the navigable waters connecting therewith.
 
 III
 
 12
 Because the district court lacked admiralty jurisdiction, it properly dismissed Charter's limitation complaint.
 
 
 13
 AFFIRMED.