UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

M/V Drema G. Woods, Official
Number 259718, for Exoneration
from or Limitation of Liability;
In the Matter of Madison Coal &
Supply Co., Inc., as Owner of the,
                *Plaintiffs-Appellants,*

v.                                              No. 03-1924

Daniel E. Johnson, Individually,
and as Administrator of the Estate
of Dwight Andrew Johnson,
                *Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CA-03-147-3)

Argued: February 24, 2004

Decided: May 27, 2004

Before WILLIAMS and MICHAEL, Circuit Judges,
and William D. QUARLES, Jr., United States District Judge for the
District of Maryland, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Todd Matthew Powers, SCHROEDER, MAUNDRELL,
BARBIERE & POWERS, Cincinnati, Ohio, for Appellants. David

Jeffrey Ezra, WENDLER & EZRA, P.C., Collinsville, Illinois, for Appellee. **ON BRIEF:** R. Scott Long, HENDRICKSON & LONG, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Madison Coal & Supply Co., Inc. appeals the district court's order dismissing, for lack of jurisdiction, its Complaint for Exoneration From or Limitation of Liability. We affirm.

Madison Coal operates tow boats that move coal on the Ohio River and its tributaries. It seeks, through this federal action, to limit its liability in a state tort action arising from the following facts. On December 10, 2000, Brett Castle, a deckhand on Madison Coal's M/V Drema G. Woods, received permission to leave the vessel to attend to personal matters after his shift ended. Castle left the vessel at Winfield, West Virginia, and was to report for duty in a few hours at Point Pleasant, West Virginia. Castle became intoxicated after leaving the boat. While still intoxicated and driving an automobile, Castle crossed the center line and struck and killed Dwight Andrew Johnson in Point Pleasant.

The administrator of Johnson's estate sued Madison Coal in state court, alleging several tort theories of liability. Madison Coal's federal complaint asserts that the administrator's state court action is an admiralty or maritime claim and that Madison Coal is entitled to limitation of or exoneration from liability under admiralty law. The district court dismissed Madison Coal's complaint for lack of jurisdiction. Specifically, the district court rejected Madison Coal's argument that the Limitation of Liability Act, 46 U.S.C. app. § 183 *et seq.*, is an independent source of jurisdiction, citing *David Wright*

*Charter Service of North Carolina, Inc. v. Wright*, 925 F.2d 783 (4th Cir. 1991). The district court also concluded that jurisdiction could not be grounded in the general admiralty jurisdiction statute, 28 U.S.C. § 1333, because neither the location test nor either prong of the connection test was met. *See Sisson v. Ruby*, 497 U.S. 358 (1990) (explaining that both tests must be met for § 1333 jurisdiction to lie). Madison Coal now appeals, arguing that the district court has jurisdiction under both the Limitation of Liability Act and § 1333.

After considering the joint appendix, the parties' briefs and the oral arguments of counsel, we are persuaded that the district court reached the correct result. We affirm on the reasoning of the district court, with one exception. On the § 1333 issue, we rely only on the district court's discussion of the location test, which is sufficient to dispose of that issue. *See In re: Madison Coal & Supply Co.*, Civil No. 3:03-0147 (S.D. W.Va. June 24, 2003).

*AFFIRMED*