**Leo PAYNE, Plaintiff,**

v.

**MONROE COUNTY, a municipal corporation; Wackenhut Corporation, a Florida corporation, Defendants.**

**No. 91–14040–CIV.**

United States District Court,
S.D. Florida.

Oct. 21, 1991.

---

Ed Horan, Steven Esquinaldo, Key West, Fla., for plaintiff.

Andrew Anthony, Miami, Fla., for defendants.

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

JAMES LAWRENCE KING, District Judge.

THIS CAUSE came before the Court upon Defendant Monroe County's Motion to Dismiss and Defendant Wackenhut Corporations' Motion to Dismiss and Motion to Strike.

THE MATTER was referred to the Honorable William C. Turnoff, United States Magistrate Judge. A Report and Recommendation dated August 12, 1991 has been filed, recommending that the Defendants' Motions to Dismiss be granted as to Counts I and II of Plaintiff's Amended Complaint. Plaintiff has filed an Objection to the Report and Recommendation, and Defendant has filed a Reply. The Court has reviewed the entire file and record herein, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that United States Magistrate Turnoff's Report and Recommendation of August 12, 1991 be, and the same is hereby RATIFIED, AFFIRMED and APPROVED in its entirety. Based thereon, Plaintiff's Objection thereto is OVERRULED and DENIED.

DONE AND ORDERED.

1. 42 U.S.C. § 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

## REPORT AND RECOMMENDATION

WILLIAM C. TURNOFF, United States Magistrate Judge.

This cause has been referred to the undersigned United States Magistrate by the Honorable James Lawrence King, Chief United States District Judge, for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). Under consideration are Defendant Monroe County's Motion to Dismiss and Defendant Wackenhut Corporation's Motion to Dismiss and Motion to Strike.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff, LEO PAYNE, [hereinafter "Plaintiff"], an inmate at Monroe County Jail, initiated this action on March 26, 1991 by filing a two count complaint. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 [1]. In Count I Plaintiff sues Defendant MONROE COUNTY as the municipal corporation responsible for the operation, maintenance and staffing of the Monroe County Jail. Additionally in Count I, Plaintiff sues Defendant WACKENHUT CORPORATION [hereinafter "Wackenhut"] as the agent of Monroe County authorized to exercise supervision and control over the functions and operations of the Monroe County Jail. Count II of the complaint, asserted against Wackenhut for negligence, is a purely state claim.

Plaintiff alleges that on or about June 18, 1990 between 1:50 and 2:30 a.m., he was awakened by loud noises from other inmates involved in a card game. Plaintiff asked the card players to quiet down. Mario DelRio, a fellow inmate, not involved in the card game, threatened that he was going to cut Plaintiff. Plaintiff alleges that Monroe County and Wackenhut [hereinafter "Defendants"] are responsible for the release of Mario DelRio by a third

inmate. The third inmate released Mario DelRio for the purpose of participating in a clean up crew. This release provided the opportunity for Mario DelRio to come in contact with Plaintiff. (*First Amended Complaint,* p. 3–6). After threatening Plaintiff, Mario Delrio proceeded to cut and slash Plaintiff with a razor blade. As a result, Plaintiff required over 100 stitches to his face, neck and chest. (*First Amended Complaint,* p. 3).

Plaintiff alleges that this assault amounted to a deprivation of his constitutional rights. Plaintiff claims that Defendants maintained an overcrowded jail in violation of § 33–8.02(13)[2], Florida Administrative Code. Plaintiff further states that this overcrowding "constitutes an official policy, custom and practice of the Defendants." (*First Amended Complaint,* p. 5).

Plaintiff claims that the overcrowding depleted the number of available isolation cells in which to put inmates who were known, or should have been known, to have violent and/or erratic behavioral propensities. Plaintiff alleges that Mario DelRio was such an inmate since he had previously displayed "erratic behavior" and had a history of assaults committed in prison. Plaintiff claims that Mario DelRio was not segregated from the general jail population due to the overcrowding and that such a failure violates the Florida Administrative Code.

Plaintiff claims that the overcrowding caused a lack of proper monitoring necessary for adherence to the internal policy for the issuance of razor blades. (See, Memorandum by the Assistant Facilities Administrator[3], "Exhibit I," Plaintiff's Complaint). Plaintiff asserts that this resulted in enabling Mario DelRio to possess the razor blade which he used in his assault

on Plaintiff. (*First Amended Complaint,* p. 5).

Plaintiff maintains that the actions and inactions of the Defendants demonstrate deliberate indifference to the constitutional rights of the Plaintiff. (*First Amended Complaint,* p. 7). In particular, Plaintiff claims that the Defendants have violated the Fifth and Fourteenth Amendment Right to Due Process and the Eighth and Fourteenth Amendment Right to be Free from Cruel and Unusual Punishment. Plaintiff seeks a declaratory judgment stating that the Defendants were in violation of the Plaintiff's constitutional rights. Plaintiff also seeks compensatory damages in the amount of $500,000.00, punitive damages in the amount of $1,000,000.00, and attorney's fees. (*First Amended Complaint,* p. 7).

## DISCUSSION

### A. DEFENDANT MONROE COUNTY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (D.E. 11).

Monroe County contends that Plaintiff's complaint attempts to impose § 1983 liability on the basis of respondeat superior and/or agency theory. Specifically, that Monroe County is liable for the alleged unconstitutional conduct resulting from the operations of the jail by Defendant Wackenhut. Monroe County argues that the United States Supreme Court has held that neither respondeat superior nor agency are a proper basis for imposing § 1983 liability. (*Defendant Monroe County's Reply to Plaintiff's Response to Motion to Dismiss,* p. 3, citing *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Monroe County maintains that the requisite showing of a policy statement, ordinance, regulation, or deci-

---

**2.** Plaintiff claims that Defendants violated the Florida Administrative Code because the "factored capacity" of the Monroe County Jail is 220, while on the date of the incident there were 254 inmates present. (*First Amended Complaint,* p. 4).

**3.** Exhibit I referred to in the Amended Complaint is an internal memorandum to all jail

personnel. It outlines the policy for the issuance of razors to inmates. It states that inmates will only be given razors between 7:00 and 9:00 a.m. All razors must be returned by 9:30 a.m. A sign-out procedure is utilized and if a razor is not returned, a supervisor will be notified. A shakedown of the cell and/or dorm cell will be conducted if necessary.

sion officially adopted and promulgated by its offices for the basis of a section 1983 action is lacking. (*Defendant Monroe County's Motion to Dismiss*, pp. 7–8). Monroe County asserts that Plaintiff's First Amended Complaint is silent as to any allegation that any failure to protect Plaintiff from an attack by a fellow inmate was in furtherance of a policy officially adopted by Monroe County's officers. (*Defendant Monroe County's Motion to Dismiss*, pp. 7–8).

Monroe County asserts that the alternative requirement of a finding of governmental "custom" is also lacking. Monroe County claims that Plaintiff must show the existence of a persistent and widespread practice in order to prove that a custom exists. Monroe County states that such custom exists when it is created by that body's "lawmakers or those whose edicts or acts may fairly be said to represent official policy." (*Defendant Monroe County's Motion to Dismiss*, p. 8, citing *Monell, supra* 436 U.S. at 694, 98 S.Ct. at 2037). Plaintiff has alleged overcrowding in the jail as the custom of the Defendants. Monroe County argues however, that Plaintiff has not attributed the establishment, continuation, or ratification of that custom to the county's lawmakers or policymakers. Monroe County maintains that without such a showing, § 1983 liability cannot attach. (*Defendant Monroe County's Reply to Plaintiff's Response to Motion to Dismiss*, p. 8).

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Rather, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be said to represent official policy, inflicts the injury, that the government as an entity is responsible under § 1983. *Monell, supra* 436 U.S. at 694, 98 S.Ct. at 2037.

Plaintiff has alleged that the official policy and custom of Monroe County is overcrowding and that the overcrowding in the Monroe County Jail is both an historic and pervasive problem. (*First Amended Com-* *plaint*, p. 5). Plaintiff further states that prison overcrowding has been held to be an unconstitutional deprivation included in the ambit of 42 U.S.C. § 1983. (*Plaintiff's Response to Defendant Monroe County's Motion to Dismiss*, p. 9).

Plaintiff has alleged facts in support of the requisite causal connection between such governmental custom and the Plaintiff's alleged constitutional deprivation. "[L]iability requires a causal link between the municipality's custom at issue and the alleged constitutional deprivation." *Morgan v. District of Columbia*, 824 F.2d 1049, 1058 (D.C.Cir.1987). Additionally, with regard to a § 1983 claim, a particular condition alone may not establish the requisite constitutional deprivation. However, a combination of conditions which have a mutually enforcing effect that produce the deprivation of a single, identifiable human need, may suffice. *Wilson v. Seiter*, —— U.S. ——, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

For § 1983 liability to attach, Plaintiff bears the burden of proving that jail officials displayed "deliberate indifference" to Plaintiff's rights. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). There must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to a constitutional stature. *Williams v. Bennett*, 689 F.2d 1370, 1375 (11th Cir. 1982). Only this degree of disregard for a prisoner's rights can offend "evolving standards of decency" in violation of the Eighth Amendment. This element of indifference separates official conduct that is actionable under § 1983 from simple negligence which is not actionable under § 1983. *Williams, supra* at 1380, citing *Estelle, supra* 429 U.S. at 106, 97 S.Ct. at 292. Mere negligence is insufficient to state a claim under § 1983. *Mandel v. Doe*, 888 F.2d 783, 787–788 (11th Cir.1989).

The Supreme Court has recently reaffirmed the deliberate indifference standard as the proper standard of review for a suit filed pursuant to 42 U.S.C. § 1983. *Wilson, supra* 111 S.Ct. at 2321. In *Wilson*, a prisoner brought suit against state

prison officials alleging that certain conditions of his confinement, including overcrowding, constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The Court held that a prisoner claiming that the conditions of his confinement violate the Eighth Amendment must show a culpable state of mind on the part of prison officials. An intent requirement is implicit in the Eighth Amendment ban on cruel and unusual punishment.

The Eleventh Circuit has interpreted the deliberate indifference standard as requiring a finding that prison officials have been deliberately indifferent to a known danger to an inmate; *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.1990), citing *Estelle, supra* 429 U.S. at 105–106, 97 S.Ct. at 291–292. "The known risk of injury must be a strong likelihood, rather than a mere possibility" before a guard's failure to act can constitute deliberate indifference. *Brown, supra.* In *Brown*, the court affirmed the district court's holding that the defendants could not be held liable under § 1983 for failing to protect the Plaintiff. Plaintiff had failed to offer sufficient evidence that any defendant was aware or should have been aware of a strong likelihood that the Plaintiff would be assaulted.

Similarly, in *Davis v. Pringle*, 642 F.Supp. 171, 176 (N.D.Ga.1986), the court stated that the deliberate indifference standard is met where a plaintiff establishes that defendants knew or should have known before the assault that plaintiff's safety was in jeopardy. It must be shown that the defendants failed to take adequate precautions in the face of such knowledge, or that thereafter defendants failed to assist plaintiff during the incident despite their knowledge of the attack, or that defendants failed to give adequate medical attention after such assault.

In *Edwards v. Gilbert*, 867 F.2d 1271 (11th Cir.1989), the court held that the requisite showing of some prior knowledge on the part of prison officials was lacking and therefore the deliberate indifference standard was not met. The court stated that in the absence of a previous threat or an earlier attempt at suicide, any official conduct in failing to prevent the suicide did not constitute deliberate indifference. *Id.* at 1274.

This circuit has found evidence of deliberate indifference to exist where a prison guard intentionally denies or delays needed medical care; *Brown, supra* at 1538; where a prison official refuses to investigate or help a prisoner when he cries for help; or where there have been prior attacks by the assailant upon the particular victim or actual notice to prison officials by the victim that he fears attack. *Davis, supra* at 176–178.

In the case at bar, Plaintiff has failed to allege any facts which could show that Monroe County was either aware or should have been aware that the alleged attack upon the Plaintiff by inmate Mario DelRio was going to occur. Plaintiff has failed to allege that Monroe County knew or should have known that there was a strong likelihood that Plaintiff's safety was in danger, and that Monroe County was deliberately indifferent in the face of such knowledge. Plaintiff's complaint is void of any facts which could show that there were any prior attacks by inmate Mario DelRio upon Plaintiff or that Plaintiff had informed prison officials that he feared attack. Although Plaintiff's complaint states facts which may allege negligence, he fails to allege any facts which could establish that prison personnel acted with the conscious or callous disregard for the Plaintiff's safety which could amount to a § 1983 violation. *Williams, supra* at 1380.

Dismissal of a complaint is proper where it is clear that the Plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Taking all well pleaded facts as true, and construing them in the light most favorable to Plaintiff, this Court finds that Plaintiff has failed to allege sufficient facts to state a claim pursuant to 42 U.S.C. § 1983.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendant Monroe County's Motion to Dismiss be GRANTED.

## B. DEFENDANT WACKENHUT CORPORATION'S MOTION TO DISMISS AND MOTION TO STRIKE (D.E. 8).

### 1. Motion to Dismiss

Wackenhut maintains that it is not a proper defendant. Wackenhut, a private guard service company, argues that it is the duty of Monroe County, and not Wackenhut, to alleviate the condition of overcrowding. (*Defendant Wackenhut Corporation's Motion to Dismiss and Motion to Strike*, p. 2).

Wackenhut further asserts that there is no showing of deliberate indifference on the part of Wackenhut to the rights of the Plaintiff. (*Defendant Wackenhut Corporation's Motion to Dismiss and Motion to Strike*, p. 3).

A § 1983 action can be maintained when it can be established that the defendant acted under color of state law or exercises power possessed by virtue of state law. *West v. Atkins*, 487 U.S. 42, 56, 108 S.Ct. 2250, 2259, 101 L.Ed.2d 40 (1988). In *West*, the court found the requisite state action where a private physician was employed by the state to perform a duty of the state. Where a function which is traditionally the exclusive prerogative of the state is performed by a private entity, state action is also present. *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).

██ In the case at bar, Plaintiff has pleaded facts to support the allegation that Wackenhut is a proper defendant. Plaintiff asserts that Wackenhut, an agent of Monroe County, was authorized to exercise supervision and control over the functions of the Monroe County Jail. However, Plaintiff has failed to allege facts necessary to meet the deliberate indifference standard as it has been previously discussed herein. (See pages 1332–1334 of this Report and Recommendation).

Accordingly, it is the RECOMMENDATION of the undersigned that Defendant Wackenhut's Motion to Dismiss be GRANTED.

### 2. Motion to Strike

Wackenhut moves to strike paragraph 22 of Count I of Plaintiff's First Amended Complaint. Paragraph 22 recounts an incident which occurred after the alleged assault upon Plaintiff and does not pertain to the Plaintiff himself. Wackenhut maintains that paragraph 22 is impertinent, irrelevant and immaterial. Based on this court's recommendation of dismissal of Count I, Defendant Wackenhut's Motion to Strike is moot.

## C. DEFENDANT WACKENHUT'S MOTION TO DISMISS COUNT TWO.

██ Wackenhut seeks dismissal of Count II of Plaintiff's complaint. Count II is a purely state claim alleging negligence. In light of this Court's recommendation of dismissal of the federal claim, the remaining state claim lacks independent subject matter jurisdiction, unless the Court exercises pendent jurisdiction. "A federal court may exercise pendent jurisdiction over a state claim which is barred by the state period of limitations, even though all federal claims have been dismissed." *Nelson v. Greater Gadsden Housing Authority*, 802 F.2d 405, 407 (11th Cir.1986). The power to exercise such jurisdiction is discretionary. The factors a court should consider are judicial economy, convenience, and fairness to the litigants. *Id.*

This Court recommends dismissing the state claim. The present case was filed on March 26, 1991. The file consists of 14 docket entries and only two motions have been filed. Further, the alleged incident occurred on June 18, 1990, and Plaintiff is therefore not barred by the statute of limitations from refiling the negligence claim in state court.

Accordingly, it is the RECOMMENDATION of the undersigned that Defendant Wackenhut's Motion to Dismiss Count II be GRANTED.

## RECOMMENDATION

Based on the foregoing, it is hereby RECOMMENDED that Defendant Monroe County and Defendant Wackenhut's Motions to Dismiss be GRANTED as to Count

I of Plaintiff's Amended Complaint. Further, this Court RECOMMENDS that Defendant Wackenhut's Motion to Dismiss Count II of Plaintiff's Amended Complaint be GRANTED. In light of the above, Defendant Wackenhut's Motion to Strike is moot.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the parties may serve and file written objections with the Honorable James Lawrence King, Chief United States District Judge, within ten (10) days after being served with a copy of this Report and Recommendation. See *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. Unit B 1982).

RESPECTFULLY RECOMMENDED, in Chambers, at Miami, Florida, this 12 day of Aug., 1991.